```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| GERALD KINER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF MEMPHIS, et al., )<br>)<br>    Defendants. ) | No. 23-cv-02805-SHL-tmp |

## ORDER DIRECTING PLAINTIFF TO PROPERLY SERVE DEFENDANTS IN INDIVIDUAL CAPACITY

On December 27, 2023, Gerald Kiner filed a *pro se* complaint against the City of Memphis, Officer L. Cook, Officer L. Leon, Officer A. Wiley, Chief Cerelyn CJ Davis, Mayor Jim Strickland in his personal capacity and his capacity as Mayor, Jennifer Sink, and Allison Fouche. (ECF No. 1.) On December 28, 2023, Kiner submitted executed summonses for all the defendants. (ECF Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17.) At a scheduling conference held on January 30, 2024, counsel on behalf of the City of Memphis accepted service for the defendants in their official capacities but declined to accept service for the defendants in their individual capacities. Based on the returned executed summonses, it appears that Kiner did not effectively serve the individual defendants.

Rule 4 the Federal Rules of Civil Procedure provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint" on an individual as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent unauthorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(c)(2), (e). Under Tennessee law, the plaintiff may serve an individual as follows:

> Upon an individual other than an unmarried infant or an incompetent person, by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1).

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i[f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the

plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

Kiner has not properly served the individual defendants. Therefore, if he wishes to proceed against the individual defendants, Kiner must properly serve them according to the rules outlined above. Kiner has until Tuesday, April 9, 2024, to serve the individual defendants.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 9, 2024
Date