IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD KINER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02805-SHL-tmp |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
|    Defendants. | ) | |

**ORDER DENYING APPEAL OF THE ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff Gerald Kiner's Appeal of the Order Denying Plaintiff's Motion for Reconsideration of the Order Denying Plaintiff's Motion for Appointment of Counsel (ECF No. 26), filed January 24, 2024. Mr. Kiner contends that counsel should be appointed to represent him in his civil case. (Id.)

The Court agrees with both the legal reasoning and the legal conclusions rendered by Chief Magistrate Judge Pham. Thus, finding no clear error in the Chief Magistrate Judge's Order, the Court **DENIES** Mr. Kiner's appeal.

## BACKGROUND

Mr. Kiner, a pro se plaintiff in this civil suit, filed a Motion for Appointment of Counsel on December 28, 2023. (ECF No. 19.) He argued that assistance of counsel was needed because of the "mental distress and anguish I am under from the police brutality" and the "undo stress caused by the City of Memphis['] delay tactics of not releasing body cam footage." (Id. at PageID 68.) The Chief Magistrate Judge entered an Order Denying Plaintiff's Motion for Appointment of Counsel on January 5, 2024. (ECF No. 20.) After evaluating the "nature of the case, Kiner's ability to represent himself, the complexity of the factual and legal issues involved,

and Kiner's likelihood of success on the merits," the Court found that Mr. Kiner failed to establish the exceptional circumstances that warrant appointment of counsel in civil cases. (Id. at PageID 73–74.)

Six days later, Mr. Kiner moved for the Court to reconsider. (ECF No. 22.) The Chief Magistrate Judge denied the motion to reconsider on January 12, 2024. (ECF No. 23.) Mr. Kiner then filed his appeal of the denial of the motion to reconsider on January 24, 2024. (ECF No. 26.) Mr. Kiner's appeal argues that the denial will severely hinder his ability to present an effective case, that his constitutional right to a fair trial is being violated, and that the merits of his case are strong. (Id. at PageID 98–99.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires district judges reviewing magistrate judges' orders on non-dispositive matters to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "[T]he standard applied under [Rule 72(a)] for a nondispositive motion parallels the standard . . . for appellate review of discovery orders." Nathan v. Ohio State Univ., No. 10-cv-872, 2013 WL 139874, at *2 (S.D. Ohio Jan. 10, 2013) (citing Getsy v. Mitchell, 495 F.3d 295, 310 (6th Cir. 2007) (en banc)). "[A] district court abuses its discretion where it 'applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact.'" Getsy, 495 F.3d at 310 (citing United States v. Martinez, 430 F.3d 317, 326 (6th Cir. 2005)).

"A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Goree v. United Parcel Serv., Inc., No. 14-cv-2505, 2015 WL 11120732, at *2 (W.D. Tenn. Oct. 5, 2015); see also 23 Am. Jur. 2d Fed. Cts. § 140 (2018).

"Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Goree, 2015 WL 11120732, at *2.

## ANALYSIS

Ideally, litigants would have attorney representation in as many situations as possible. In fact, the Local Rules outline a district-wide plan that "encourage[s] greater representation of pro se indigent parties in civil cases." LR 83.7. However, appointment of counsel in civil cases is still far from the norm. Mr. Kiner's continued insistence that he deserves the appointment of counsel may simply be a misunderstanding about the difference between civil suits and criminal cases, as he argues that this denial "obstructs the plaintiff's access to justice and violates their constitutional rights to a fair trial." (ECF No. 26 at PageID 98.)

The Sixth Amendment establishes that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . and to have the assistance of counsel for his defense." U.S. Const. amend. VI. This oft-repeated refrain is engrained in the American populace's minds. But the key words for Mr. Kiner's purposes are "criminal prosecutions" and "defense." Mr. Kiner is the plaintiff in a civil action, thus the Sixth Amendment does not apply.

In civil cases, on the other hand, "appointment of counsel . . . is not a constitutional right." Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003). Yet there are still avenues for indigent litigants to receive court-appointed counsel in exceptional circumstances. When a party moves for appointment of counsel in a civil case, Administrative Order No. 2023-38 encourages a presiding judge to evaluate "the party's financial resources, the efforts of the party to obtain counsel, and whether the party's claim or defense appears to have merit." Courts will also "consider 'the type of case and the ability of the plaintiff to represent himself.'" Lanier, 332

F.3d at 1006 (quoting <u>Archie v. Christian</u>, 812 F.2d 250, 253 (5th Cir. 1987)).  After considering the relevant factors, the Chief Magistrate Judge found that Mr. Kiner's situation did not fit the criteria for appointment of counsel.  (ECF No. 20 at PageID 73–74.)

Mr. Kiner's appeal argues that his overall mental distress and the merits of his case warrant the appointment of counsel.  (ECF No. 26 at PageID 98.)  Those two reasons can be contributing factors in the "exceptional" case where an attorney is appointed in a civil case, <u>see</u> <u>Bryant</u>, 332 F.3d at 1006, but the Chief Magistrate Judge correctly determined that much more was needed for the appointment of counsel.  Importantly, Mr. Kiner is not currently proceeding <u>in forma pauperis</u>.  He indicated that he would file an <u>in forma pauperis</u> affidavit on his Affidavit in Support of Motion for Appointment of Counsel (ECF No. 19-1 at PageID 69), but the Court is unable to locate an <u>in forma pauperis</u> affidavit on the docket.  Mr. Kiner argued in his motion to reconsider that the hourly rates for attorneys in Memphis "far exceed [his] annual salary as Pastor of a 'small' church," (ECF No. 22 at PageID 81–82), but that is the only detail about his inability to pay for counsel.  However, even if a party's financial situation is dire, appointment of counsel in a civil case is still extraordinarily rare.

Ultimately, the Chief Magistrate Judge applied the correct legal standard in his Order.  After balancing Mr. Kiner's ability to represent himself, the nature of the case, the complexity of the factual and legal issues, and the merits of his claims, the Court correctly reasoned that Mr. Kiner's situation does not constitute the exceptional circumstances needed for appointment of counsel in a civil action.  (ECF No. 20 at Page ID 72–73.)

## **CONCLUSION**

Because plaintiffs do not have a right to the assistance of counsel in civil cases absent exceptional circumstances, the Court agrees with the legal reasoning and conclusions reached by

the Chief Magistrate Judge, and there is no clear error in the Chief Magistrate Judge's Order, Mr. Kiner's appeal is **DENIED**.

    **IT IS SO ORDERED**, this 12th day of February, 2024.

                                       s/ Sheryl H. Lipman  
                                       SHERYL H. LIPMAN  
                                       CHIEF UNITED STATES DISTRICT JUDGE