```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
_____

GERALD KINER,                        )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )   No. 23-cv-2805-SHL-tmp
                                     )
CITY OF MEMPHIS,                     )
MEMPHIS POLICE DEPARTMENT,           )
OFFICER L. COOK (14717),             )
OFFICER L. LEON (12480),             )
AND OFFICER A. WILEY (14519);        )
CHIEF CERELYN "CJ" DAVIS,            )
MAYOR JIM STRICKLAND (IN HIS         )
PERSONAL CAPACITY AND HIS            )
CAPACITY AS MAYOR);                  )
JENNIFER A. SINK,                    )
CHIEF COMMUNICATIONS OFFICER         )
ALLISON FOUCHE,                      )
                                     )
     Defendants.                     )
_____

                     REPORT AND RECOMMENDATION
_____
```

Before the court is a Motion to Strike Defendants' Affirmative Defenses by *pro se* plaintiff Gerald Kiner filed on February 2, 2024. (ECF No. 30.) The defendant City of Memphis responded on February 12, 2024. (ECF Nos. 34, 35.) For the following reasons, the undersigned recommends that the motion be denied.

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To

grant a Rule 12(f) motion, the court must determine that the challenged allegations are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" <u>Damron v. ATM Cent. LLC</u>, No. 1:10-CV-01210-JDB, 2010 WL 6512345, at *1 (W.D. Tenn. Oct. 29, 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1381 Motion to Strike — Insufficient Defense (3d ed. 2004)). An affirmative defense should be stricken as "legally insufficient" if "it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint." <u>Snow v. Kemp</u>, No. 10-2363-STA-cgc, 2011 WL 321651, at *2 (W.D. Tenn. Jan. 28, 2011) (quoting <u>Williams v. Provident Inv. Couns., Inc.</u>, 279 F. Supp. 2d 894, 905-06 (N.D. Ohio 2003)) (internal quotations omitted).

The standard for granting a motion to strike under Rule 12 is high. <u>Green v. FedEx Supply Chain, Inc.</u>, No. 21-CV-2518-JPM-tmp, 2022 WL 2825010, at *2 (W.D. Tenn. June 29, 2022). Such a motion seeks "a drastic remedy that should be used sparingly and only when the purposes of justice require." <u>Driving Sch. Assoc. of Ohio v. Shipley</u>, No. 1:92-CV-00083, 2006 WL 2667017, at *1 (N.D. Ohio Sept. 15, 2006). For that reason, motions to strike are generally "disfavored by the court." <u>Griffin v. Bank of Am.</u>,

N.A., 2:14-cv-02335, 2014 WL 12531103, at *1 (W.D. Tenn. Oct. 7, 2014) (quoting Johansen v. Presley, 977 F. Supp. 2d 871, 877 (W.D. Tenn. 2013)).

In his motion, Kiner writes that "[t]he defendants, in their Answer, put forth several affirmative defenses in an attempt to shield themselves from liability. However, a meticulous examination reveals these defenses to be legally untenable and insufficient to absolve the defendants of their alleged misconduct." (ECF No. 30 at PageID 114.) He also argues that the defendants' affirmative defenses "lack legal merit and fail to exonerate the defendants from the alleged constitutional violations." (Id. at PageID 115.) However, he appears to challenge only qualified immunity and governmental immunity with any amount of specificity. (Id. at PageID 114-15.) With qualified immunity, Kiner argues that "the officers' actions were far from discretionary; rather, they engaged in conduct that grossly deviated from established legal standards, voiding the protection of qualified immunity." (Id. at PageID 114.) This argument alone falls short of a showing that "it is impossible for defendants to prove a set of facts in support of the affirmative defense . . . ." Snow, 2011 WL 321651, at *2. Similarly, in challenging a governmental immunity affirmative defense, Kiner argues "that the City's negligent supervision practices and deliberate indifference establish a foundational

basis for potential legal violations, precluding the invocation of governmental immunity." (ECF No. 30 at PageID 115.) Again, his objections and argument do not make the government's use of this defense an impossibility. Kiner's arguments do not reach the high bar required for a court to strike an affirmative defense.

For the above reasons, the undersigned recommends that the plaintiff's motion to strike be denied.

Respectfully submitted,

s/Tu M. Pham  
TU M. PHAM  
Chief United States Magistrate Judge

February 14, 2024  
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**