IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
|     Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation ("R&R") (ECF No. 36), entered on February 14, 2024, recommending that the Court deny pro se Plaintiff Gerald Kiner's Motion to Strike Defendants' Affirmative Defenses (ECF No. 30), filed on February 2, 2024. Because Kiner fails to show that it would be impossible for Defendants to prove a set of facts in support of their affirmative defenses, the Court **ADOPTS** the R&R and **DENIES** Kiner's motion to strike.

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense should be stricken as "legally insufficient" if "it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint."  Snow v. Kemp, No. 10-2363-STA-cgc, 2011 WL 321651, at *2 (W.D. Tenn. Jan. 28, 2011) (quoting Williams v. Provident Inv. Couns., Inc., 279 F. Supp. 2d 894, 905–06 (N.D. Ohio 2003)) (internal quotations omitted).  Thus, a motion to strike seeks "a drastic remedy that should be used sparingly and only when the purposes of justice require."  Driving Sch. Assoc. of Ohio v. Shipley, No. 1:92-CV-00083, 2006 WL 2667017, at *1 (N.D. Ohio Sept. 15, 2006).

Kiner argues that two affirmative defenses raised by the Defendants—the defenses of qualified immunity and governmental immunity—are "legally untenable and insufficient."  (ECF No. 30 at PageID 114.)  He moves to strike the qualified immunity defense because "the police officers' actions were far from discretionary" and their conduct "grossly deviated from established legal standards."  (Id.)  Kiner likewise argues that "the City's negligent supervision practices and deliberate indifference" require the striking of the governmental immunity defense.  (Id. at PageID 115.)

The R&R, entered on February 14, 2024, recommends that the Court deny Kiner's motion because his arguments "do not reach the high bar required for a court to strike an affirmative defense." (ECF No. 36 at PageID 145.)  More than fourteen days have now passed since Kiner was served with the R&R, and he has filed no objections to the R&R.  See Fed. R. Civ. P. 72(b)(2).  Since no objections have been filed, the Court reviews the R&R only for clear error.  See Fed. R. Civ. P. 72(b) advisory committee notes.

The Court finds no clear error in the R&R. To overcome the affirmative defense of qualified immunity, a plaintiff must satisfy stringent requirements. See Arrington–Bey v. City of Bedford Heights, 858 F.3d 988, 993 (6th Cir. 2017) ("Immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" (quoting White v. Pauly, 580 U.S. 73, 79 (2017))). Similarly, governmental immunity is oftentimes applicable in a case like this one. See Johnson v. City of Memphis, 617 F.3d 864, 872 (6th Cir. 2010) (Tennessee law "preserves immunity for suits claiming negligent injuries arising from civil rights violations."). Kiner's arguments fail to clear the high hurdle of demonstrating that "it is impossible for defendants to prove a set of facts in support of the affirmative defense." Snow, 2011 WL 321651, at *2. Therefore, the Court **ADOPTS** the Chief Magistrate Judge's R&R and **DENIES** Kiner's motion to strike.

**IT IS SO ORDERED**, this 3rd day of April, 2024.

                                                s/ Sheryl H. Lipman
                                                SHERYL H. LIPMAN
                                                CHIEF UNITED STATES DISTRICT JUDGE