IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

GERALD KINER )
   Plaintiff, )
 )
 )
 )    No. 23-cv-02805-SHL-tmp
v. )
CITY OF MEMPHIS, et al., )
   Defendants. )
 )

## Affidavit of Bias Or Prejudice

In the matter at hand, Judge Lipman rendered two rulings that objected to my solicitation for legal representation. The initial ruling transpired devoid of the submission of medical substantiation in validation of my disability claim. The following denial, which remarkably echoed the antecedent decision, persisted even following the presentation of detailed medical documentation in support of my disability assertion. This uncanny recurrence summons the astute observation asserted by the esteemed 6th Circuit Court as encapsulated in the annexed Exhibit A …. Judge Lipman appeared to have "substantial difficulty in putting out of [her] mind previously-expressed views or findings."

Pursuant to 28 U.S.C. § 144 comes now, Rev. Gerald Kiner, Pro Se, and respectfully moves for the recusal of Judge Lipman in the above-captioned case based on the following grounds:

1. The failure of Judge Lipman, in her response to the plaintiff's motion to reconsider the denial of appointing an attorney to my case, Judge Lipman's failure to even acknowledge the serious medical condition/disability of the plaintiff in this case, which clearly proved "exceptional circumstances" and which is imperative for the plaintiff's ability to receive a fair trial, raises significant concerns about impartiality and adherence to principles of fairness.

2. Judge Lipman's disregard for the plaintiff's medical condition/disability, which clearly proved my "exceptional circumstances," despite its critical relevance to the case and the plaintiff's

ability to participate fully in legal proceedings, suggests a lack of consideration and sensitivity towards the plaintiff's disability.

3. The actions of Judge Lipman may be construed as a violation of the legal requirements to provide accommodations for individuals with disabilities, thereby casting doubt on the integrity of the judicial process and the judge's ability to preside over this case without bias or prejudice.

Based on the foregoing, it is respectfully requested that Judge Lipman recuse herself from this case to ensure the plaintiff's right to a fair and impartial trial is fully protected.

Also, Your Honor,

With regards to the delayed filing of the required affidavit, I respectfully submit that the failure to meet the ten-day deadline was due to good cause. The circumstances leading to this delay were directly tied to the attempts made to mediate a resolution for the case. The strategic decision to pursue mediation, which transpired on April 3,2024, within the deadline period, was a pivotal step taken in the interest of seeking a timely and amicable resolution to the case at hand. The proximity of the mediation session to the filing deadline necessitated a brief extension to allow for the completion of this crucial step, which unfortunately did not yield the desired outcome of case resolution. Despite this setback, the mediation process was initiated in good faith and with the primary goal of facilitating a swift and fair resolution for all parties involved.

Rev. Gerald Kiner, PhD

/s/ *Rev. Gerald Kiner, PhD*

4400 Hickory Hill Rd
Memphis, TN 38141
Tel: (901) 650-7340
Fax: (901) 205-0640

**CERTIFICATE OF SERVICE**

    Pursuant to Tennessee Rule of Civil Procedure 5.02(2), the undersigned certifies that a true and correct copy of the Affidavit of Bias Or Prejudice has been served via First class U.S. Mail on all counsel of record on this afternoon 8th day of April 2024. If you did not receive this document please contact the sender immediately to receive an electronic or physical copy of this document:

City of Memphis
125 N. Main St Room 336
Memphis, TN 38103

# The Volokh Conspiracy

Mostly law professors | Sometimes contrarian | Often libertarian | Always independent

About The Volokh Conspiracy

**VOLOKH CONSPIRACY**

## When Lower Court Judges Don't Listen

A trial court judge refuses to make a reasonable sentencing decision, and the Sixth Circuit is not amused.

**JONATHAN H. ADLER** | 9.14.2020 10:57 PM

Judge Sheryl Lipman is not a fan of the federal sentencing guidelines, nor the way the guidelines are interpreted and applied by the U.S. Court of Appeals for the Sixth Circuit. Nonetheless, as a district court judge, she is obligated to follow applicable precedent and the law of the circuit. She also has an obligation to follow the Sixth Circuit's instructions on remand. Yet that's not what she did in the case of Dane Schrank, and the Sixth Circuit is not amused.



Advertisement

Today, in *U.S. v. Schrank*, the Sixth Circuit reversed Judge Lipman for the second time for the same mistake: Imposing a substantively unreasonable sentence. To ensure this does not happen again, the panel *sua sponte* reassigned the case to another district court judge on remand.

Judge Thapar's (incredibly brief) opinion for the Court begins:

> We have seen this case before. Dane Schrank visited the dark web and downloaded "nearly 1,000 images of babies and toddlers being forcibly, violently, and sadistically penetrated." United States v. Schrank, 768 F. App'x 512, 515 (6th Cir. 2019). After a government investigation identified Schrank, he confessed and pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).
>
> The Sentencing Guidelines called for a sentence of 97 to 120 months in prison. Yet the district court imposed a noncustodial sentence of just 12 months' home confinement. The government appealed, and we vacated the sentence because it was substantively unreasonable. It both "ignored or minimized the severity of the offense" and "failed to account for general deterrence." Schrank, 768 F. App'x at 515. Yet on remand, the district court imposed the same sentence. The district judge criticized our court for "second-guess[ing]" her sentence and said that she refused to impose a sentence that "does not make sense." R. 47, Page ID 249, 271. But the district judge didn't stop there. She also found time to criticize the "sophistication of the judges on the Sixth Circuit when it comes to computers" and said that Schrank's misconduct—accessing the dark web over the course of five days and downloading nearly 1,000 images of children being raped—was "much less exaggerated" than "the Sixth Circuit judges realize." Id. at 250. She concluded by noting, "maybe the Sixth Circuit will reverse me again." Id. at 271.
>
> We now do just that. Because Schrank's sentence remains substantively unreasonable, we vacate it and remand for resentencing. And given the district judge's conduct, we order that the case be reassigned on remand.

A bit more from the opinion:

> we have repeatedly held that sentences are substantively unreasonable in child pornography cases when they require little or no jail time. . . . Indeed, in this very case we held that Schrank's noncustodial sentence was substantively unreasonable given his misconduct.
>
> Because the district court [...] remand, the sentence remains substantively unreasonable for the reasons set forth in our earlier opinion. . . .
>
> To be sure, district judges [...] when imposing sentences. . . . But that discretion is not unfettered. And when a district court abuses its discretion [...] unjust sentence—as occurred here—we must reverse. For our job is to review sentences, not rubber stamp them. Since Schrank's punishment does not fit his very serious crime, we once again vacate his sentence and remand for resentencing. . . .

[...] on remand:

> On remand, we order this case be reassigned to another district court judge for resentencing. This court has a duty to supervise district courts to ensure "proper judicial administration in the federal system." . . . Although the government did not request reassignment, appellate courts may sua sponte order reassignment on remand. . . .
>
> In two prior cases involving nearly identical facts . . . our court has ordered reassignment because the record showed that the "original judge would reasonably be expected . . . to have substantial difficulty in putting out of [her] mind previously-expressed views or findings." *Bistline*, 720 F.3d at 634 (quotation marks omitted) . . . That same rationale compels reassignment here.
>
> The district court began the resentencing hearing by stating, "I disagree with the Sixth Circuit." . . . The district court then imposed the same substantively unreasonable sentence. And at one point during the hearing, the district court even acknowledged, "maybe the Sixth Circuit will reverse me again, but I can't impose a sentence on Mr. Schrank that otherwise does not make sense to me." . . . Thus, despite our binding holding, the district judge refused to follow the law and impose an appropriate sentence.
>
> Schrank's sentence is vacated, and the case remanded for reassignment and resentencing.

Update: For Judge Lipman's perspective, here is the transcript of the proceedings below. Judge Lipman explains her reasoning at pages 27-30.