IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
|     Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL
DUE TO BIAS OR PREJUDICE**

Before the Court is Plaintiff Gerald Kiner's Affidavit of Bias or Prejudice, filed April 8, 2024, and construed as a motion. (ECF No. 41.) In his affidavit, Kiner continues to relitigate the appointment of counsel in this civil matter and moves for my recusal from the case. (Id. at PageID 155–56.) For the following reasons, the motion is **DENIED**.

28 U.S.C. § 144(a) provides that "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein . . . ." An affidavit of bias or prejudice must be made in a timely manner, or "not less than ten days before the beginning of the term at which the proceeding is to be heard." Id. Recusal becomes mandatory only when counsel of record certifies that the §144 affidavit is made in good faith—which is not applicable here because Kiner is proceeding pro se—and the affidavit is both timely and sufficient. See Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007). Facts in the affidavit are accepted as true, but the Court only gives weight "'to facts that are sufficiently definite and particular to convince a reasonable person that bias exists;

simple conclusions, opinions, or rumors are insufficient.'" Id. (quoting Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004)).

Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001). A judge's participation in the proceedings or prior contact with a litigant in related cases cannot support a demand for recusal. Liteky v. United States, 510 U.S. 540, 556 (1994). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." Scott v. Metro. Health Corp., 234 F. App'x 341, 352 (6th Cir. 2007) (internal quotation marks omitted).

Kiner fails to allege sufficient personal bias or prejudice in his affidavit. Instead, he argues that this Court did not properly weigh all his arguments in his appeal and motion for reconsideration concerning the appointment of counsel in this civil case. As noted in that order, there is an extremely high bar that is required for court-appointed civil counsel. (See ECF No. 20; ECF No. 33.)

Kiner's arguments are rooted in this judge's interpretation of the law, which is not a basis for recusal or disqualification. See Ullmo, 273 F.3d at 681. His only borderline claim for bias or prejudice is that this judge has "difficulty in putting out of [her] mind previously-expressed views or findings." (ECF No. 41 at PageID 155.) While that cherry-picked quotation is not relevant to the matter at hand and does not demonstrate personal bias toward Kiner, the Court still commends Kiner on his legal research acumen. His many motions on this one topic alone are almost proof enough that he is capable of representing himself. But alas, an out-of-context quote from the Sixth Circuit concerning sentencing does not support any sort of personal bias or prejudice against Kiner in his attempt to obtain court-appointed counsel in his civil case.

Kiner argued in his motion to reconsider that he cannot afford the hourly rates of many of this community's best and brightest legal practitioners. (ECF No. 22 at PageID 81–82.) However, attorneys in the Memphis community have many different fee-pricing structures. While hourly rates are quite common, many plaintiff's attorneys operate under contingency based fees or fixed fees. See <u>Legal Fees: How Do Attorneys Charge</u>, Tennessee Bar Association, https://www.tba.org/?pg=legal-fees-how-do-attorneys-charge (last visited May 22, 2024.) The Tennessee Bar Association website also has helpful tools for finding Memphis-based attorneys if Kiner chooses to pursue that route.

Because Kiner has not alleged sufficient bias or prejudice, his motion for recusal is **DENIED**.

**IT IS SO ORDERED**, this 23rd day of May, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE