IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

REPORT AND RECOMMENDATION

Before the court is defendants Officer K. Leon and Officer L. Cook's Motion to Dismiss based on insufficient service of process and lack of personal jurisdiction.[1] (ECF No. 51.) For the reasons below, the undersigned recommends that this motion be DENIED.

On December 27, 2023, Gerald Kiner filed a *pro se* complaint against the City of Memphis, Officer L. Cook, Officer K. Leon, Officer A. Wiley, Police Chief Cerelyn "CJ" Davis, Mayor Jim Strickland, Jennifer Sink, and Allison Fouche. (ECF No. 1.) On December 28, 2023, Kiner submitted purportedly executed summonses for all the defendants. (ECF Nos. 9, 10, 11, 12, 13, 14, 15, 16, 17.) At a scheduling conference held on January 30, 2024, counsel

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

on behalf of the City of Memphis accepted service for the defendants in their official capacities but declined to accept service for the defendants in their individual capacities.

On February 9, 2024, the undersigned entered an order directing Kiner to properly serve the individual defendants by April 9, 2024, which included references to Rule 4 of the Federal Rules of Civil Procedure and Rule 4.04 of the Tennessee Rules of Civil Procedure. (ECF No. 32.) The parties appeared on Thursday, April 11, 2024, to determine the status of service of the individual defendants and to enter a scheduling order. However, Kiner represented to the court that he did not serve the individual defendants, claiming that he did not receive sufficient instructions from the court on how to proceed. On April 11, 2024, the undersigned entered an order directing Kiner to either serve or voluntarily dismiss the unserved defendants by May 10, 2024. (ECF No. 42.)

On May 7, 2024, Kiner filed a Motion to Voluntarily Dismiss Allison Fouche, Jennifer Sink, Jim Strickland, and CJ Davis. (ECF No. 46.) On May 10, 2024, Kiner filed Notices of Summons Returned Unexecuted for A. Wiley and L. Cook, (ECF Nos. 47 & 48), and a Notice of Summons Returned Executed as to Keith Leon. (ECF No. 49.) Kiner attempted to personally serve the summons on Officer Leon on May 3, 2024, which is an improper method of service. (ECF No. 51 at PageID 196; ECF No. 53, p. 1.) On May 14, 2024, summonses

were reissued by the clerk's office as to L. Cook, A. Wiley, and K. Leon. (ECF No. 52.) For reasons that are unclear, a summons for Officer Cook was again reissued. (ECF No. 54.)

The defendants filed a motion to dismiss as to Officers Cook and Leon, arguing that they should be dismissed for failure to timely serve them. (ECF No. 51-1 at PageID 197.) In response, Kiner details how he misunderstood that he could not serve the defendants himself and subsequently hired process servers to effect service on Officers Cook, Wiley, and Leon. (ECF No. 53, p. 1.) On May 23, 2024, Kiner filed a "Motion to Correct Alleged Service Issues and to Present Evidence of Compliance with Court Order," which the undersigned construes as an additional response to the motion to dismiss.

Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Here, the undersigned is satisfied that Kiner has demonstrated good cause for the failure to serve Officers Cook and Leon (and Officer Wiley, who is not a party to this motion). Kiner has taken substantial steps toward complying with

- 3 -

the court's order and has sufficiently outlined that his failure to timely serve was not for lack of diligence. Therefore, the undersigned recommends that the motion to dismiss be DENIED. Further, the undersigned recommends that Kiner be given until June 27, 2024, which is the date of the scheduling conference, to properly serve Officers Cook, Leon, and Wiley, and file proof of service by that date.

    Respectfully submitted,

        s/Tu M. Pham
        _____
        TU M. PHAM
        Chief United States Magistrate Judge

        May 30, 2024
        _____
        Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**