**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| GERALD KINER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-02805-SHL-tmp |
| | ) | |
| CITY OF MEMPHIS, et al., | ) | |
|     Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
DEFENDANTS OFFICER K. LEON AND OFFICER L. COOK'S MOTION TO DISMISS**

Before the Court is Chief Magistrate Judge Tu Pham's Report and Recommendation ("R&R"), entered on May 30, 2024, recommending that the Court deny Defendants Officer K. Leon and Officer L. Cook's motion to dismiss for insufficient service of process (ECF No. 51). (ECF No. 59 at PageID 244.)  For the following reasons, the Court **ADOPTS** the R&R and **DENIES** the motion to dismiss.

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B).  Parties can file objections to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee notes.

The R&R was entered on May 30, 2024.  (ECF No. 59.)  More than fourteen days have now passed, and neither Officer K. Leon nor Officer L. Cook has filed an objection to the R&R.  Since no objection has been filed, the Court reviews the R&R in its entirety for clear error and finds none.  The R&R properly describes the discretion that a district court has to extend the time allotted for service "if the plaintiff shows good cause for the failure" to properly serve in a timely manner.  Fed. R. Civ. P. 4(m).  Importantly, Kiner's "failure to timely serve was not for lack of due diligence."  (ECF No. 59 at PageID 244.)  After an improper attempt to personally serve at least one of the Defendants, Kiner has since hired a process server to effectuate service.  (Id. at PageID 242–43.)  In the last few days, he has even filed proof of service on the docket for two Defendants, including Officer L. Cook.  (ECF Nos. 60, 61.)

The Court is satisfied with Kiner's efforts and agrees with the R&R's reasoning and recommendation.  Therefore, the Court **ADOPTS** the Magistrate Judge's R&R and **DENIES** Officer K. Leon and Officer L. Cook's motion to dismiss for insufficient service of process.  Kiner's deadline to properly serve Defendants and file proof of service on the docket is now the date of the scheduling conference, **June 27, 2024**.  Furthermore, the Court **ADOPTS** the Magistrate Judge's recommendation and **CONSTRUES** Kiner's Motion to Correct Alleged Service Issues and to Present Evidence of Compliance with Court Order (ECF No. 56), as an additional response to the motion to dismiss rather than a stand-alone motion.

**IT IS SO ORDERED**, this 21st day of June, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE