IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| REV. GERALD KINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-CV-2805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, TENNESSEE, | ) |
| MEMPHIS POLICE DEPARTMENT, | ) |
| OFFICER L. COOK, OFFICER L. LEON, | ) |
| and OFFICER A. WILEY, | ) |
| | ) |
| Defendants. | ) |

---

ANSWER TO COMPLAINT BY DEFENDANT OFFICERS COOK, LEON, AND WILEY

---

COME NOW Defendant Officers Cook, Leon, and Wiley, individually, through Counsel, and respond to the Complaint filed in this cause, as follows:

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim on which relief can be granted and Defendant Officers move that it be dismissed forthwith;

2. Plaintiff's Complaint fails to state a cause of action under the United States Constitution;

3. Plaintiff's Complaint fails to state a cause of action under Tennessee State Law;

4. Defendant Officers affirmatively plead all applicable federal and state statutes of limitations;

5. Plaintiff's claims are barred under the doctrine of laches, waiver, estoppel, and the doctrine of unclean hands;

6. Defendant Officers contend that Plaintiff is not entitled to any recovery. However, even under all the facts and circumstances set forth in the Plaintiff's Complaint, recovery by Plaintiff against Defendant Officers would be limited to nominal damages;

7. Plaintiff's own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as a result Plaintiff is barred from recovery;

8. Plaintiff's constitutional rights were not violated;

9. Defendant Officers submit that they are entitled to the defense of Qualified Immunity in that at all times relevant their actions:

    a. Were taken within the course and scope of employment;

    b. Were taken in good faith and with reasonable and probable cause under the circumstances;

    c. Were in accordance with those of an objectively reasonable officer, charged with the duty to protect himself, his partner, and others; and,

    d. Were taken pursuant to and in accordance with the Constitution and laws of the United States and the State of Tennessee;

10. Defendant Officers request that Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant Officers. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

11. Plaintiff did not suffer damages for which he is entitled to relief;

12. Defendant Officers submit that pursuant to 42 U.S.C. § 1988 they would be entitled to recover the reasonable attorneys' fees and costs incurred in defending this claim should they prevail in this action brought against them in their individual capacities;

13. Defendant Officers reserve the right to raise any additional affirmative defenses that they may have following the completion of discovery herein and/or to amend these affirmative defenses as otherwise allowed by law.

## ANSWER TO COMPLAINT

### INTRODUCTION

1. The allegations in Paragraph 1 Part 1 of Plaintiff's Complaint are denied.

   The allegations in Paragraph 1 Part 2 of Plaintiff's Complaint are denied

   The allegations in Paragraph 1 Part 3 of Plaintiff's Complaint are denied.

2. Defendant Officers deny that Plaintiff has any cause of action under the Tennessee Governmental Tort Liability Act.

3. Paragraph 3 of Plaintiff's Complaint requires no response from Defendant Officers.

### CIVIL ACTION

4. Defendant Officers admit Plaintiff has filed his civil action requesting declaratory and injunctive relief and for monetary damages. However, Defendant Officers deny Plaintiff has any cause of action against them.

## JURISDICTION AND PARTIES

5. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 5 of Plaintiff's Complaint, and therefore deny the same.

6. Upon information and belief, Defendant Officers admit that Defendant City of Memphis is a municipality, duly incorporated under the laws of the state of Tennessee and may be served with process by serving the City Attorney at 125 North Main Street, Room 336, Memphis, Tennessee. Defendant Officers are without sufficient information or knowledge to either admit or deny the remaining allegations as set forth in Paragraph 6 of Plaintiff's Complaint, and therefore deny the same.

7. Defendant Officers admit that that all times relevant to Plaintiff's Complaint they were acting within the course and scope of their employment as officers with the Memphis Police Department. Any remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint are denied.

8. Defendant Officers admit that if Plaintiff had a cause of action against them involving a federal question, this Court would have jurisdiction under 28 U.S.C. § 1331 as set forth in Paragraph 8 of Plaintiff's Complaint.

9. Upon information and belief, the allegations as set forth in Paragraph 9 of Plaintiff's Complaint are admitted.

10. The allegations as set forth in Paragraph 10 of Plaintiff's Complaint are admitted.

11. The allegations as set forth in Paragraph 11 of Plaintiff's Complaint are admitted.

12. The allegations as set forth in Paragraph 12 of Plaintiff's Complaint are admitted.

13. The allegations as set forth in Paragraph 13 of Plaintiff's Complaint are admitted.

14. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 14 of Plaintiff's Complaint, and therefore deny the same.

15. The allegations as set forth in Paragraph 15 of Plaintiff's Complaint are denied.

16. The allegations as set forth in Paragraph 16 of Plaintiff's Complaint are admitted.

17. The allegations as set forth in Paragraph 17 of Plaintiff's Complaint are admitted.

18. The allegations as set forth in Paragraph 18 of Plaintiff's Complaint are admitted.

19. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 19 of Plaintiff's Complaint, and therefore deny the same.

20. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 20 of Plaintiff's Complaint, and therefore deny the same.

## FACTS AND CAUSES OF ACTION

21. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 21, Part 1 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 21, Part 2 of Plaintiff's Complaint, and therefore deny the same.

22. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 22, Part 1 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 22, Part 2 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 22, Part 3 of Plaintiff's Complaint, and therefore deny the same.

23. Defendant Officers admit that Officers Leon and Wiley accompanied the mother to the address in question, while Officer Cook arrived later. Defendant Officers are without sufficient information or knowledge to either admit or deny the remaining allegations as set forth in Paragraph 23, Part 1 of Plaintiff's Complaint, and therefore deny the same.

The allegations as set forth in Paragraph 23, Part 2 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 23, Part 3 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 23, Part 4 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 23, Part 5 of Plaintiff's Complaint are denied.

24. The allegations as set forth in Paragraph 24 of Plaintiff's Complaint are denied.

25. The allegations as set forth in Paragraph 25 of Plaintiff's Complaint are denied.

26. The allegations as set forth in Paragraph 26 of Plaintiff's Complaint are denied.

27. The allegations as set forth in Paragraph 27 of Plaintiff's Complaint are denied.

28. The allegations as set forth in Paragraph 28 of Plaintiff's Complaint are denied.

29. The allegations as set forth in Paragraph 29 of Plaintiff's Complaint are denied.

30. The allegations as set forth in Paragraph 30, Part 1 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 30, Part 2 of Plaintiff's Complaint are denied.

31. The allegations as set forth in Paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations as set forth in Paragraph 32, Part 1 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 32, Part 2 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 32, Part 3 of Plaintiff's Complaint are denied.

33. The allegations as set forth in Paragraph 33 of Plaintiff's Complaint are denied.

34. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 34, Part 1 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 34, Part 2 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 34, Part 3 of Plaintiff's Complaint, and therefore deny the same.

Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 34, Part 4 of Plaintiff's Complaint, and therefore deny the same.

35. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 35 of Plaintiff's Complaint, and therefore deny the same.

36. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 36 of Plaintiff's Complaint, and therefore deny the same.

37. The allegations as set forth in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations as set forth in Paragraph 38 of Plaintiff's Complaint are denied.

39. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 39 of Plaintiff's Complaint, and therefore deny the same.

40. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 40 of Plaintiff's Complaint, and therefore deny the same.

41. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 41, Part 1 of Plaintiff's Complaint, and therefore deny the same.

The allegations as set forth in Paragraph 41, Part 2 of Plaintiff's Complaint are denied.

42. The allegations as set forth in Paragraph 42, Part 1 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 42, Part 2 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 42, Part 3 of Plaintiff's Complaint are denied.

43. The allegations as set forth in Paragraph 43, Part 1 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 43, Part 2 of Plaintiff's Complaint are denied.

The allegations as set forth in Paragraph 43, Part 3 of Plaintiff's Complaint are denied.

44. Defendant Officers submit that the law outlined in the Tennessee Code and referenced in Paragraph 44 of Plaintiff's Complaint speaks for itself and therefore no response is required from Defendant Officers.

45. Defendant Officers submit that the law outlined in the Tennessee Code and referenced in Paragraph 45 of Plaintiff's Complaint speaks for itself and therefore no response is required from Defendant Officers.

46. The allegations as set forth in Paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations as set forth in Paragraph 47 of Plaintiff's Complaint are denied.

48. The allegations as set forth in Paragraph 48 of Plaintiff's Complaint are denied.

49. The allegations as set forth in Paragraph 49 of Plaintiff's Complaint are denied.

50. The allegations as set forth in Paragraph 50 of Plaintiff's Complaint are denied.

51. The allegations as set forth in Paragraph 51 of Plaintiff's Complaint are denied.

52. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 52 of Plaintiff's Complaint, and therefore deny the same.

53. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 53 of Plaintiff's Complaint, and therefore deny the same.

54. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 54 of Plaintiff's Complaint, and therefore deny the same.

55. The allegations as set forth in Paragraph 55 of Plaintiff's Complaint are denied.

56. Defendant Offficers submit that 42 U.S.C. § 1983 speaks for itself and therefore no response to Paragraph 56 of Plaintiff's Complaint is required.

57. Defendant Officers are without sufficient information or knowledge to either admit or deny the allegations as set forth in Paragraph 57 of Plaintiff's Complaint, and therefore deny the same.

58. The allegations as set forth in Paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations as set forth in Paragraph 59 of Plaintiff's Complaint are denied.

60. Defendant Officers deny Plaintiff is entitled to any relief whatsoever as set forth in his Prayer for Relief A-E.

61. Defendant Officers hereby deny any allegations not previously admitted or denied.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Officers respectfully request that:

1. This Court dismiss Plaintiff's Complaint with prejudice, based upon each and every aforesaid Affirmative Defenses;

2. This Court deny Plaintiff the relief prayed for in the request for relief, and that Plaintiff be denied any relief whatsoever;

3. That Plaintiff be compelled to file a Rule 7 reply to the above and foregoing affirmative matters of Qualified Immunity, averring "specific non-conclusory factual allegations" that establish in particularized detail improper motive, and that there exists a triable issue of improper motive on the part of Defendant Officers. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); Fed. R. Civ. P. 7.

4. In conjunction with the dismissal of Plaintiff's Complaint with prejudice, Defendant Officers be awarded and recover from Plaintiff costs, attorney's fees and expenses in association with the defense of the instant civil action against them individually, on the ground that said Complaint is legally and factually unsupportable, and has been filed without substantial justification and/or without an arguable basis in law, and that such sanctions be imposed pursuant to Rule 11, Fed.R.Civ.P. and/or that Defendant Officers be awarded costs and attorney's fees pursuant to 42 U.S.C. § 1988 as this Court may deem appropriate.

Respectfully submitted,

s/ Mary Elizabeth McKinney
MARY ELIZABETH MCKINNEY, Bar No. 21597
DEBORAH E. GODWIN, Bar No. 9972
Attorney for Defendant Officers, Individually
Godwin, Morris, Laurenzi & Bloomfield, P.C.
50 North Front Street, Suite 800

             Memphis, Tennessee 38103
             Tel:  901-528-1702
             Fax: 901-528-0246
             Email: bmckinney@gmlblaw.com

CERTIFICATE OF SERVICE

   I, Mary Elizabeth McKinney, hereby certify that on July 29, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, and that upon filing, a notice of electronic filing will be sent to all registered parties in this case.

             /s/ Mary Elizabeth McKinney
             MARY ELIZABETH MCKINNEY