IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

---

**ORDER DENYING PLAINTIFF'S MOTIONS AT ECF NOS. 77, 78, 79, 89, 99, 100, 102, 107, 108, 109, 115, and 116 AND GRANTING ECF NOS. 101 and 110**

---

Before the court are numerous motions filed by *pro se* plaintiff Gerald Kiner between July 30, 2024, and September 18, 2024.[1] For the below reasons, Kiner's motions are GRANTED in part and DENIED in part.

**I.  Plaintiff's First Set of Motions for Reconsideration (ECF Nos. 77, 78, and 79)**

The court first addresses a set of motions for reconsideration filed by Kiner on July 30, 2024. (ECF Nos. 77, 78, 79.) By motions dated July 29, 2024, Kiner sought an entry of default judgment against defendant Officers L. Cook, L. Leon, and A. Wiley (collectively the "Individual Officer Defendants") for their

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

alleged untimely responses to plaintiff's complaint. (ECF Nos. 70, 72, 73.) The Clerk of Court denied Kiner's motions that same day. (ECF Nos. 74, 75, 76.) Kiner then moved for reconsideration of the Clerk's entries denying default judgment. (ECF Nos. 77, 78, 79.)

Pursuant to the parties' Notice of Settlement and Stipulation of Dismissal, both filed on October 21, 2024, all claims asserted by Kiner against the Individual Officer Defendants have now been resolved. (ECF Nos. 118, 119.) Accordingly, Kiner's motions to reconsider the denial of default judgment against the Individual Officer Defendants are hereby DENIED as moot.

**II.   Plaintiff's Second Motion for Reconsideration (ECF No. 89)**

Next, Kiner moves the court to reconsider its August 13, 2024, order granting defendant City of Memphis's (the "City") Motion for Extension of Time to Complete Discovery. (ECF Nos. 84, 88, 89.) The City filed its motion on August 12, 2024, arguing that an extension was justified because the form of plaintiff's propounded discovery requests were unclear and because counsel for the City had only recently returned to work after a surgical procedure. (ECF No. 84 at PageID 406.) Kiner responded in opposition, arguing that he would be prejudiced by the requested extension and that the City had other attorneys at its disposal who could have timely responded. (ECF No. 86 at PageID 409-410.) After consideration of the parties' arguments, the nature of the discovery requests, and the minimal prejudice to Kiner, the undersigned granted a 30-day

- 2 -

extension for the City to respond. (ECF No. 88.) The next day, Kiner filed the instant motion, alleging, *inter alia*, that the extension was "granted without substantial justification." (ECF No. 89 at PageID 421.) In support of his motion, Kiner alleges a lack of evidence for defense counsel's medical absence, prejudice to his ability to timely prosecute his case, and "potential judicial bias" stemming from an alleged "disparity" in the undersigned's reasoning. (Id. at PageID 420-21.)

Although Kiner does not invoke the Federal Rules of Civil Procedure, Rule 54 counsels that "any order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment[.]" Fed. R. Civ. P. 54(b). The local rules in this district also permit "[a]ny party [to] move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by [the] Court" before the entry of a judgment. LR 7.3(a). A motion for revision must specifically show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b); see also Thomas v. Schroer, No. 2:12-cv-02987-JPM-cgc, 2016 WL 3648974, at *1 (W.D. Tenn. Mar. 30, 2016) (citing Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 & n.7 (6th Cir. 2004)) (discussing elements courts "have traditionally used to reconsider interlocutory orders").

"Motions to reconsider . . . are used sparingly and in rare circumstances." In re Regions Morgan Keenan Sec., Derivative & ERISA Litig., Nos. 2:09-MD-2009-SHM, 12-2341, 2013 WL 2319271, at *2 (W.D. Tenn. May 28, 2013) (quoting In re Se. Milk Antitrust Litig., No. 2:08-MD-1000, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011)). "A court should not grant a motion to revise its prior ruling 'in the vast majority of instances, especially where such motions merely restyle or re[]hash the initial issues.'" Thomas, 2016 WL 3648974, at *1 (quoting In re Regions, 2013 WL 2319271, at *2).

Here, Kiner has not presented evidence of a new material fact or change of law, or of a material difference in fact or law, that would justify revision of the court's August 13 order. Nor does Kiner allege "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." LR 7.3(b). Instead, Kiner's objections stem from his disagreement with the court's findings after considering the parties' arguments. These objections are not grounds for revision under Local Rule 7.3 or

Federal Rule of Civil Procedure 54. Kiner's motion for reconsideration is therefore DENIED.

### III. Plaintiff's Emergency Motion to Disqualify Counsel and Request for Default Judgment, Motions to Strike, and Motions for Leave to File Reply Briefs (ECF Nos. 99, 100, 102, 107, 108, 109, 110)

The court next addresses Kiner's Emergency Motion to Disqualify Counsel and Request for Default Judgment, filed on August 30, 2024, and related motions filed on September 11, 2024. (ECF Nos. 102, 107, 108, 109, 110.) Kiner originally filed his motion to disqualify counsel and for default judgment on August 27, 2024. (ECF No. 99.) He filed an amended version on August 29 and a seconded amended motion on August 30. (ECF Nos. 100, 102.) On September 10, 2024, the Individual Officer Defendants and defendant City of Memphis filed two separate responses in opposition. (ECF Nos. 105, 106.) The next day, Kiner filed four new motions: a Motion in Opposition to Defense Counsel's Response and Motion to Strike Defense Counsel's Response; a Response in Opposition to Defendant City of Memphis's Response in Opposition and Motion to Strike Defense Counsel's Response; a Motion for Leave to File a Reply to Defense Counsel's Response and Motion to Strike Defense Counsel's Response; and a Motion for Leave to File a Reply to Defendant City of Memphis's Response in Opposition. (ECF Nos. 107, 108, 109, 110.)

Before weighing the merits of Kiner's motion to disqualify and for default judgment, the court addresses three preliminary matters. First, the instant motions are not models of clarity. Although Kiner directs Docket Entries 108 and 110 at defendant City of Memphis, he refers generally to "defense counsel" in Docket Entries 107 and 109 without distinguishing between the City and the Individual Officer Defendants. Kiner's motions to strike and motions for leave to reply are also devoid of citations to the record to clarify to which groups of defendants he seeks to respond. Nonetheless, because Kiner makes specific reference to the City in Docket Entries 108 and 110, the court construes Docket Entries 107 and 109 as motions to strike and for leave to reply to the Individual Officer Defendants' September 10 response brief. (See ECF No. 105). These motions, (ECF Nos. 107, 109), are hereby DENIED as moot, as the Individual Officer Defendants have since been dismissed from this action. (ECF No. 120); see also Section I.

Second, Kiner's "response in opposition" to defendant City of Memphis's September 10 response brief is procedurally improper. (ECF Nos. 106, 108.) Local Rule 7.2 governs the procedure for motions practice in this district. Although Rule 7.2(a)(2) provides an automatic right to respond without leave of court, subsection (c) requires that a moving party seek leave to file a subsequent reply for all non-dispositive motions. See LR 7.2(c)

("Except as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply."). Here, Kiner has complied with Rule 7.2(c) to the extent that he sought leave to file replies to the City's and the Individual Officer Defendants' September 10 responses. (ECF Nos. 109, 110.) However, Kiner simultaneously and without obtaining leave filed a "response in opposition" to the City's response, in which he further argues in support of his pending motion to disqualify counsel. (See ECF No. 108 at PageID 788-794.) The court construes Kiner's response as a reply brief filed in violation of Local Rule 7.2(c). (ECF No. 108.) Nevertheless, the court will consider the merits of Kiner's arguments and GRANTS his motion for leave to reply, (ECF No. 110), accordingly.

Third, the court declines to strike the City of Memphis's September 10 response as urged by Kiner in his September 11 reply brief. (ECF Nos. 106, 108.) Kiner alleges that counsel for the City did not comply with Local Rule 7.2(a)(1)(B) when filing their response, thus "justifying a motion to strike . . . on procedural grounds." (ECF No. 108 at PageID 787-88.) That rule requires that all motions, except dispositive motions filed pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60, "be accompanied by a certificate of counsel . . . affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in

agreement with the action requested by the motion." LR 7.2(a)(1)(B). Kiner claims that, because opposing counsel "neglect[ed] to consult" him before filing the City's response brief, the response was "improperly filed" in violation of the local rule. (ECF No. 108 at PageID 794.) However, Kiner misinterprets the requirement. Local Rule 7.2(a)(1) applies only to the initial filing of a motion in a civil action, not a party's response to motions. Responses are instead governed by Local Rule 7.2(a)(2), which does not impose a similar consultation requirement. The court therefore finds that counsel for the City have complied with this district's local rules and DENIES Kiner's motion to strike, (ECF No. 108), on that basis.

The court now turns to the merits of Kiner's motion to disqualify counsel and for default judgment. "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." Houser v. Powerdot, Inc., No. 1:21CV915, 2023 WL 4781685, at *3 (N.D. Ohio July 27, 2023) (quoting Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp., 237 B.R. 322, 337 (6th Cir. BAP 1999), aff'd 5 F. App'x 396 (6th Cir. 2001)). "Disqualification is appropriate, 'only when there is a "reasonable possibility that some specifically identifiable impropriety" actually occurred and, in light of the interest underlying the standards of ethics, the social need for ethical

practice outweighs the party's right to counsel of his own choice.'" Id. (quoting Kitchen v. Aristech Chemical, 769 F. Supp. 254, 257 (S.D. Ohio 1991)); Moses v. Sterling Com. (Am.), Inc., 122 F. App'x 177, 183 (6th Cir. 2005) (citation omitted). The movant bears the burden of proving that opposing counsel's unethical behavior merits disqualification. Calaway ex rel. Calaway v. Schucker, No. 02-cv-02715-STA-cgc, 2013 WL 960641, at *2 (W.D. Tenn. Mar. 12, 2013).

In support of his motion, Kiner identifies nine grounds for disqualification. (ECF No. 102 at PageID 633-644.) The court declines to consider three of these grounds, as Kiner offers only the conduct of counsel for the now-dismissed Individual Officer Defendants in support. (See id. at PageID 637-39, 641-42) (detailing the alleged misconduct of counsel for the Individual Officer Defendants, in support of Subsections D, G, and H). Kiner's remaining allegations include: (i) that the police report documenting the event from which plaintiff's claims arise was "intentionally fabricated" (Id. at PageID 633); (ii) that defendants have deliberately withheld requested body camera footage from plaintiff (Id. at PageID 636); (iii) that defendants, in Kiner's view, "proffered a settlement offer that was grossly disproportionate to the damages suffered" (Id.); (iv) that counsel Barbaralette Davis "engaged in obstructive behavior" by requesting an extension of time in light of her surgical procedure (Id. at

- 9 -

PageID 639); (v) that "statistical evidence" suggests the City's August 12 motion for an extension of time is "of questionable credibility" (Id.); and (vi) that an ongoing Department of Justice investigation into the Memphis Police Department suggests "long-standing practices of bad faith dealing" by the City (Id. at PageID 643). In its response, the City denies each of Kiner's allegations, contending they are without merit and do not amount to violations of the Tennessee Rules of Professional Conduct. (See generally ECF No. 106 at PageID 759-65.)

The court finds that Kiner has not presented evidence to support a "reasonable possibility" of impropriety by counsel for the City. Houser, 2023 WL 4781685, at *3 (citation omitted). His reliance on an unrelated federal investigation and broad allegations of obstruction by unnamed police officers are not sufficient to show that opposing counsel has engaged in unethical behavior warranting the "drastic measure" of disqualification. Id. (citation omitted). Although Kiner is within his right to decline defendants' settlement offers and oppose defendants' motions, he also offers no evidence that opposing counsel has engaged in any behavior that remotely qualifies as being dishonest or frivolous. Kiner's restatements of his opposition to an already-granted motion for extension of time are equally unpersuasive. For these reasons, his motion to disqualify is DENIED.

Kiner's claims of bad faith conduct by defense counsel likewise do not warrant an entry of default judgment against defendant City of Memphis. Federal Rule of Civil Procedure 55 counsels that an entry of default judgment is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Here, Kiner offers no evidence, and indeed makes no allegation, that defendant City of Memphis has failed to plead or otherwise defend itself in this action. Rather, he asks this court to enter default judgment "to address the systemic violations and their impact on this case." (ECF No. 102 at PageID 646.) Kiner's request misapplies the standard this court must follow to enter default judgment, and his motion is therefore DENIED.

**IV. Plaintiff's Motions to Strike (ECF Nos. 115, 116)**

Kiner moves the court to strike two additional responses filed by defendant City of Memphis. On September 13, 2024, Kiner filed a Motion to Compel, For Sanctions, and Request for Default Judgment. (ECF No. 112.) The City filed its response on September 17, 2024. (ECF No. 113.) That same day, the City also responded to Kiner's Motion for Preliminary Injunctive Relief, filed on September 3, 2024. (ECF Nos. 104, 114.) In the instant motions, Kiner asks the court to strike both of defendant's September 17

response briefs, citing violations of Local Rules 7.2(a)(1)(B) and 7.2(c).

Kiner's argument pursuant to Local Rule 7.2(a)(1)(B) is again unpersuasive. That rule governs only the filing of motions with the court, not responses by an opposing party. Compare LR 7.2(a)(1)(B) (setting requirements for filing new motions) with LR 7.2(a)(2) (setting requirements for filing responses to motions). For this reason, Kiner's argument that defense counsel did not consult with him prior to filing the City's responses is not grounds for striking those responses. (ECF Nos. 115 at PageID 885-886; 116 at PageID 904-05); see also Section III.

In addition, Kiner's argument that Local Rule 7.2(c) required the City to seek leave to file its responses is misguided. Rule 7.2(c) states that reply memoranda, not responses, may only be filed upon court order granting a motion for leave to reply. See also LR 7.2(b) ("Upon the filing of a motion and the timely filing of the response, *and a reply, if allowed by the Court or these Rules*, the motion shall be submitted to the Court for a ruling unless a hearing has been requested and granted." (emphasis added)). Here, Kiner asks the court to strike two responses by defendant City of Memphis—the first in response to Kiner's September 13 Motion to Compel, (ECF No. 113), and the second in response to Kiner's September 3 Motion for Preliminary Injunctive Relief, (ECF No. 114). The City was not required to obtain leave

- 12 -

of court before filing those responses, see LR 7.2(a)(2), and thus has not violated Local Rule 7.2(c).

Although Kiner does not cite Federal Rule of Civil Procedure 12, that rule does permit the court to strike certain content even without motion by a party. Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may do so "on its own; or on motion by a party either before responding to the pleading or, if response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). However, "[m]otions to strike are viewed with disfavor and not frequently granted." Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).

The court declines to grant Kiner's motions to strike under Rule 12(f). The text of Rule 12(f) "provides a basis for striking pleadings, not motions." Kremer v. Reddit, Inc., No. 2:21-cv-00038, 2021 WL 4909953, at *1 (M.D. Tenn. Oct. 18, 2021). "For purposes of the Federal Rules of Civil Procedure, a motion and its contents are not 'a pleading.'" Reynolds & Reynolds Co., Inc. v. Alan Vines Auto. of Jackson, LLC, No. 1:20-mc-0003-STA, 2020 WL 5797922, at *2 (W.D. Tenn. Sept. 28, 2020); see also Fed. R. Civ. P. 7(a) (defining pleading). Rule 12(f) therefore does not provide

- 13 -

grounds on which to strike the City's responses, and plaintiff's motions to strike are DENIED.

As a *pro se* litigant, Kiner is responsible for familiarizing himself with the Federal Rules of Civil Procedure and this court's Local Rules. The court cautions Kiner that future violations of procedural rules could result in sanctions.

**V.   Plaintiff's Motion for Extension of Time to File Motions to Join Parties and Amend Pleadings (ECF No. 101)**

Lastly, the court considers Kiner's Motion for Extension of Time to File Motions to Join Parties and Amend Pleadings, filed on August 29, 2024. (ECF No. 101.) Pursuant to the court's June 27, 2024 scheduling order, the parties' existing deadline to file such motions was August 30, 2024. (ECF Nos. 67, 101.) Kiner asks the court for a 60-day extension, arguing that additional time would be needed "to reassess [his] litigation strategy and make necessary amendments" should the court deny his Emergency Motion to Disqualify Defense Counsel and Request Default Judgment. (ECF Nos. 101 at PageID 625-26; 102.) Kiner also contends that granting an extension would promote judicial efficiency and fairness in this litigation. (ECF No. 101 at PageID 626.) Defendant City of Memphis opposes Kiner's request, arguing instead that "the meritless filings . . . which undergird Plaintiff's motion for extension of time do[] not represent good cause sufficient for the granting of the motion." (ECF No. 106 at PageID 767.)

For good cause shown, the court grants the requested extension. "Rule 6(b) of the Federal Rules of Civil Procedure provides that, if a motion requesting an extension is made before the original time to act expires, the Court may extend the time to act for good cause shown." Austin v. Camping World RV Sales, LLC, No. 2:21-cv-02541-TLP-cgc, 2023 WL 3922659, at *1 (W.D. Tenn. Mar. 30, 2023) (citing Fed. R. Civ. P. 6(b)). In light of the court's rulings herein, the court finds good cause to extend the relevant deadline by 60 days from the date of this order. Kiner's motion is thus GRANTED. The parties have until January 4, 2025, to file any motions to amend pleadings and motions to join parties.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

December 4, 2024
Date