IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

---

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF NO. 112) AND GRANTING DEFENDANT'S MOTION TO STRIKE (ECF NO. 135)**

---

Before the court is *pro se* plaintiff Gerald Kiner's Motion to Compel, For Sanctions, and Request for Default Judgment, filed on September 13, 2024.[1] (ECF No. 112.) Also before the court is defendant City of Memphis's ("the City") Motion to Strike Kiner's reply in support of his motion to compel, filed on January 3, 2025. (ECF No. 135.) For the reasons below, Kiner's motion is DENIED, and the City's motion is GRANTED.

### I.   BACKGROUND

Kiner filed his "Emergency Motion to Compel, For Sanctions, and Request for Default Judgment" on September 13, 2024, detailing what he describes as "a consistent pattern of incomplete and

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

evasive answers" by the defendants.[2] (ECF No. 112 at PageID 831.) In support of his motion, Kiner attaches copies of the City's responses to plaintiff's requests for production and interrogatories, as well as a screenshot displaying an empty electronic folder allegedly produced by the City. (ECF Nos. 112-1, 112-2, 112-3.) Kiner contends that this folder was falsely represented by the City to "contain critical body camera footage" requested by plaintiff. (ECF No. 112 at PageID 830-31; see also ECF No. 112-2.) He requests an order compelling the City's production of "all previously withheld discovery materials," including the contested body camera footage. (ECF No. 112 at PageID 832.) Kiner also moves the court for sanctions and an entry of default judgment against the City for its alleged failure to fulfill discovery obligations. (Id.)

The City filed its original response in opposition on September 17, 2024. (ECF No. 113.) However, the City's September 17 brief appeared to be a duplicate of an earlier-filed response in this action and did not address Kiner's motion to compel. (See

---

[2]At the time Kiner filed his motion, defendants Officer L. Cook, Officer L. Leon, and Officer A. Wiley (collectively the "Individual Officer Defendants") were still parties to this litigation. However, pursuant to the parties' October 21, 2024 Notice of Settlement and Stipulation of Dismissal, the Individual Officer Defendants were dismissed on October 23, 2024. (ECF Nos. 118, 119, 120.) Accordingly, the court considers the instant motion and Kiner's arguments therein only as they pertain to the remaining defendant, the City.

id.) By order dated December 5, 2024, the court directed the City to file an amended response, which it did on December 19, 2024. (ECF Nos. 126, 130.) The City offers three arguments against Kiner's motion: first, Kiner did not consult with opposing counsel before filing his motion as required by Federal Rule of Civil Procedure 37(a) and Local Rule 7.2(a)(1)(B); second, Kiner is now in possession of the body camera footage referenced in his motion, rendering his request for relief moot; and third, Kiner "does not cite to which discovery requests he takes issue or believes fail to provide the answers he seeks," thus "making a substantive response [from the City] impossible." (ECF No. 130 at PageID 964-65, 966-67.) The City further contends that Kiner provides no basis on which to impose sanctions or enter default judgment against the City, and instead offers "vague and ambiguous assertions" that are unfounded or without merit. (Id. at PageID 965-67.) Finally, the City requests sanctions against Kiner in the form of costs and attorneys' fees to "reimburse[]" the City for its time in responding to Kiner's "multiple unfounded motions." (Id. at PageID 968.)

On December 26, 2024, Kiner filed a reply in support of his motion to compel and in opposition to the City's response. (ECF No. 132.) The City then moved to strike Kiner's reply brief on January 3, 2025. (ECF No. 135.) Citing Local Rules 7.2(c) and 7.2(e), the City argues that Kiner improperly filed his reply

without leave of court and exceeded this court's five-page limit for reply memoranda. (Id. at PageID 1060.) The City also avers that Kiner impermissibly makes new, yet nonetheless moot, arguments in his reply. (Id.) (citing Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008) and Girl Scouts of Middle Tenn., Inc. v. Girl Scouts of the United States, Inc., No. 3:12-cv-099575, 2013 WL 1736643, at *1 (M.D. Tenn. Apr. 19, 2013)). Because Kiner failed to follow procedural rules in filing his reply, the City argues that additional sanctions are warranted under Federal Rule of Civil Procedure 11. (Id. at PageID 1063-64.) Kiner responded on January 6, 2025, opposing the City's motion to strike and proffering additional argument in support of his motion to compel. (ECF No. 139.)

## II.  ANALYSIS

A.  Motion to Strike

"The only provision within the Federal Rules of Civil Procedure which provides for striking an item is Rule 12(f)." First Horizon Nat'l Corp. v. Houston Cas. Co., No. 2:15-CV-2235-SHL-dkv, 2017 WL 3220419, at *1 (W.D. Tenn. Apr. 6, 2017). That rule authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either "on its own[] or on motion by a party[.]" Fed. R. Civ. P. 12(f). The text of Rule 12(f) "provides a basis for striking pleadings, not motions." Kremer v. Reddit, Inc., No. 2:21-

cv-00038, 2021 WL 4909953, at *1 (M.D. Tenn. Oct. 18, 2021). "For purposes of the Federal Rules of Civil Procedure, a motion and its contents are not 'a pleading.'" Reynolds & Reynolds Co., Inc. v. Alan Vines Auto. of Jackson, LLC, No. 1:20-mc-0003-STA, 2020 WL 5797922, at *2 (W.D. Tenn. Sept. 28, 2020); see also Fed. R. Civ. P. 7(a) (defining pleading). Rule 12(f) therefore does not provide grounds on which to strike Kiner's reply.

Nevertheless, trial courts may "make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents [other than pleadings]." Johnson v. Baptist Mem'l Health Care Corp., No. 2:18-cv-02509-SHM-cgc, 2019 WL 5847850, at *2 (W.D. Tenn. Nov. 7, 2019) (alterations in original) (quoting Zep Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010)). District courts have "broad discretion" to interpret and apply their local rules, and a court acts within that discretion when it "strikes a filing for, *inter alia*, untimeliness or a failure to comply with the local rules." Id. (quoting Pearce v. Chrysler Grp., L.L.C. Pension Plan, 615 F. App'x 342, 349-50 (6th Cir. 2015)) (additional citations omitted).

Here, the City cites provisions of Local Rule 7.2 as the procedural basis for striking Kiner's reply brief. Under that rule, reply memoranda, except those filed in support of motions to dismiss or motions for summary judgment, "may be filed only upon court order granting a motion for leave to reply." L.R. 7.2(c).

"Such motion for leave must be filed within 7 days of service of the response." Id. "Unless otherwise ordered by the Court, . . . reply memoranda, if permitted, shall not exceed 5 pages in length." L.R. 7.2(e). The court further notes that the scheduling order in this case expressly states that additional replies to any motion, except those filed pursuant to Federal Rules of Civil Procedure 12(b) or 56, require leave of court. (ECF No. 67 at PageID 264.)

The court finds that Kiner has not complied with these provisions of the Local Rules and the scheduling order. Although Kiner filed his reply brief within seven days of service of the City's response, he did not seek leave to do so as required by Local Rule 7.2(c). (See ECF Nos. 130, 132.) Furthermore, Kiner's twelve-page reply brief not only exceeds the page limit set by Local Rule 7.2(e), but it also includes 48 pages of new exhibits. (ECF No. 132-1.) As the undersigned has previously cautioned, Kiner is responsible for familiarizing himself with and abiding by this court's local rules. (See ECF No. 122 at PageID 939.) Because Kiner has failed to comply, the court will not consider his unauthorized reply in support of his motion to compel. Accordingly, to the extent the City moves for the exclusion of Kiner's reply, its motion to strike (ECF No. 135) is GRANTED.

B.   Motion to Compel

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter

- 6 -

that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). If a party fails to make required disclosures or otherwise cooperate in discovery, Rule 37 instructs that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel "an answer, designation, production, or inspection" may be made if "a party fails to answer an interrogatory submitted under Rule 33; or [] a party fails to produce documents or fails to respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "The party seeking discovery is obligated to demonstrate relevance." Myrtil v. Serra Chevrolet, No. 22-cv-2595-MSN-tmp, 2023 WL 4493717, at *2 (W.D. Tenn. July 12, 2023) (citing Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019)). Local Rule 26.1(b) also requires any party moving to compel discovery to "quote verbatim or attach copies of each deposition question, interrogatory, request for admission, or request for production to which objection has been taken or incomplete response has been given[.]" L.R. 26.1(b)(2)(A). "Parties shall file only those portions of the . . . interrogatory, request for documents, request for admission, or response that are at issue." L.R. 26.1(b)(4).

In his motion to compel, Kiner broadly alleges that the City "[has] not only neglected [its] duty to provide substantive responses but [has] actively engaged in misleading practices." (ECF No. 112 at PageID 831.) He further refers to alleged "misrepresentations" and "incomplete and evasive answers" in the City's discovery responses. (Id.) However, nowhere in Kiner's motion does he identify what specific responses he believes are deficient or to which of his discovery requests he seeks to compel responses. Rather, Kiner attaches in full the City's responses to his interrogatories and requests for production, in violation of this court's local rules. (ECF Nos. 112-1, 112-3); see also LR 26.1(b)(4) ("Parties shall file only those portions . . . that are at issue."). To the extent that Kiner's lack of specificity reflects a desire to compel additional responses to all of his discovery requests, Kiner is still required to identify how the City's original responses are "misleading," "incomplete," or "evasive," (ECF No. 122 at PageID 831). See Colston v. Eddy, No. 2:23-cv-1599, 2024 WL 4277818, at *2 (S.D. Ohio Sept. 24, 2024) (denying motion to compel where plaintiff "did not specify which of Defendant's responses were deficient, did not indicate what kinds of documents he anticipated, and did not state where his expected documents could be obtained from"); Am. Spirit v. Varsity Brands, LLC, No. 20-cv-2782-SHL-tmp, 2022 WL 17069140, at *5 (W.D. Tenn. Nov. 17, 2022) (denying motion to compel in part because

plaintiffs failed to identify which requests were "outstanding" and did not explain how defendants' prior responses were deficient). Kiner's conclusory assertions, without further explanation, do not provide a basis on which the court can compel further discovery responses.

Additionally, Kiner's argument regarding the sole production he identifies with specificity—an empty file said to contain police body camera footage—has since been rendered moot. According to the City, the relevant footage was provided to Kiner via electronic mail and U.S. postal mail on September 13, 2024, the same day Kiner filed his motion. (ECF No. 130 at PageID 965) (citing ECF No. 111.) Although the City does not offer an explanation for the allegedly empty file Kiner initially received, it represents that "Plaintiff is now in possession of the body camera footage referenced in his motion to compel." (Id.) Without further argument to the contrary, the court presumes the City's September 13 production was sufficient, thus rendering Kiner's motion as to the contested footage moot.

For these reasons, the court DENIES Kiner's motion to compel.[3]

---

[3] The City additionally argues that Kiner has not complied with Federal Rule of Civil Procedure 37's and Local Rule 7.2's requirement to confer with opposing counsel before filing his motion. (ECF No. 130 at PageID 964-65.) Indeed, defendant attaches an e-mail thread between Kiner and counsel for the City appearing to show that Kiner filed his motion just one day after the City served its discovery responses and in spite of defense counsel's request to confer in lieu of the motion. (ECF No. 130-1 at PageID

C.  Motion for Default Judgment

In connection with his motion to compel, Kiner requests as relief an entry of default judgment against the City. (ECF No. 112 at PageID 832.) Kiner does not identify an applicable Federal Rule of Civil Procedure, but instead invokes Chambers v. NASCO, Inc., 501 U.S. 32 (1991), as the basis for his request. Although the Chambers Court generally addresses trial courts' powers to sanction bad-faith conduct, it does not offer any conclusions regarding the use of default judgment as a sanction. See generally Chambers, 501 U.S. 32 (1991). The court thus finds Chambers inapplicable here.

Under Federal Rule of Civil Procedure 55, the court may enter default judgment upon motion and "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Here, Kiner instead seeks default judgment "to prevent further procedural abuses in this litigation and to preserve the dignity of the Court." (ECF No. 112 at PageID 832.) He makes no allegation that the City has failed to

---

970.) The court finds that Kiner's failure to confer alone offers grounds for denying his motion. See Nagel v. CNC Express, Inc., No. 1:20-cv-01187-STA-jay, 2021 WL 8444745, at *2-3 (W.D. Tenn. July 16, 2021) (denying plaintiff's motion to compel for failure to comply in good faith with Rule 37's and this court's consultation requirements). However, because Kiner's motion also fails on the merits, the undersigned denies his motion on that ground.

plead or otherwise defend itself in this action—the standard required by Rule 55. An entry of default judgment under Rule 55 is therefore not appropriate, and Kiner's motion on that basis is DENIED.

To the extent Kiner alternatively seeks default judgment under Federal Rule of Civil Procedure 37, the undersigned finds that such relief is also not warranted. As explained above, Kiner has not identified sufficient grounds to grant his motion to compel. The court declines to impose any sanctions against the City for its discovery conduct and DENIES Kiner's request for relief accordingly.[4]

D.  Requests for Sanctions

Finally, the court considers the parties' requests for sanctions made across the instant motions. In his motion to compel, Kiner seeks as relief "[t]he imposition of stringent sanctions . . . including an award of the reasonable costs incurred by the

---

[4] The undersigned notes that, while motions for default judgment are sometimes addressed by report and recommendation, "[t]he majority of courts . . . have concluded that when a party brings a motion for discovery sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the moving party, governs the magistrate judge's authority over the motion." Builders Insulation of Tenn., LLC v. S. Energy Sols., No. 17-cv-2668-TLP-tmp, 2020 WL 265297, at *4 (W.D. Tenn. Jan. 17, 2020) (quoting Bell-Flowers v. Progressive Ins. Co., No. 04-3026, 2005 WL 3434818, at *1, 2 n.1 (W.D. Tenn. Dec. 13, 2005)). Because the court concludes that the sanction of default judgment is not warranted, 28 U.S.C. § 636(b)(1)(A) permits the undersigned to proceed by order rather than report and recommendation.

Plaintiff in connection with this motion." (ECF No. 112 at PageID 832.) The City responds that Kiner has provided "no evidence in his Motion that suggests the City or Defense Counsel has engaged in misdeeds, mistruths, or misleading conduct" justifying the imposition of sanctions. (ECF No. 130 at PageID 966.) According to the City, sanctions are instead warranted against Kiner on account of "Plaintiff's multiple unfounded motions." (Id. at PageID 968.) Defendant requests costs and reasonable attorneys' fees as "reimburse[ment] for its time in responding." (Id.) The City also makes an additional request for sanctions in its motion to strike Kiner's unauthorized reply brief. Citing Federal Rule of Civil Procedure 11, the City argues that Kiner should be sanctioned for "continu[ing] to violate procedural rules" by filing "multiple unfounded . . . and improper motions and replies." (ECF No. 135 at PageID 1064.)

"Under Rule 11, a court may sanction an attorney who presents court filings for an improper purpose or based on frivolous arguments." Jones v. Ill. Cent. R.R. Co., 617 F.3d 843, 854 (6th Cir. 2010) (citing Fed. R. Civ. P. 11). Rule 11 provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party

- 12 -

that violated the rule or is responsible for the violation."[5] Fed. R. Civ. P. 11(c)(1). Apart from Rule 11, "a court has inherent authority to sanction bad-faith conduct in litigation." Jones, 617 F.3d at 854 (citing Chambers, 501 U.S. at 49, and Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980)).

As stated above, the court finds no basis for imposing sanctions against the City. Sanctions are also not warranted against Kiner at this time. While the City correctly argues that Kiner has violated this court's procedural rules, the court finds that excluding Kiner's unauthorized reply is an appropriate penalty for his violation of Local Rule 7.2. The remaining conduct cited by the City does not rise to the level of sanctionable behavior, although the court cautions Kiner once again to comply with the Local Rules. Kiner's and the City's requests for costs and attorneys' fees are therefore DENIED.

### III. CONCLUSION

For the foregoing reasons, Kiner's Motion to Compel is DENIED, and the City of Memphis's Motion to Strike is GRANTED.

IT IS SO ORDERED.

---

[5]The court also notes that Rule 11 states that "[a] motion for sanctions must be made separately from any other motion" and "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" Fed. R. Civ. P. 11(c)(2).

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 23, 2025
Date