```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                  WESTERN DIVISION
```

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE (ECF NO. 136); GRANTING IN PART DEFENDANT'S MOTION TO EXTEND DEADLINES (ECF NO. 140); DENYING DEFENDANT'S MOTION FOR STATUS CONFERENCE (ECF NO. 141); AND DENYING PLAINTIFF'S MOTION FOR CLARIFICATION (ECF NO. 128)**

Before the court are defendant City of Memphis's ("the City") Motion to Strike (ECF No. 136); Motion to Extend Deadlines (ECF No. 140); and Motion for a Status Conference (ECF No. 141).[1] Also before the court is *pro se* plaintiff Gerald Kiner's Motion for Clarification (ECF No. 128). For the below reasons, the City's motions are GRANTED in part and DENIED in part, and Kiner's motion is DENIED.

**I.   Defendant's Motion to Strike (ECF No. 136)**

On December 5, 2024, Kiner filed a "Motion to Supplement the

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

Record with Evidence of Civil Rights Violations by [Defendants] and Request for Judicial Notice."[2] (ECF No. 127.) The City responded in opposition on December 19, 2024. (ECF No. 131.) Kiner then filed what he labeled as "Plaintiff's Opposition to Defendant's Motion to Deny Supplementation of the Record" on December 27, 2024. (ECF No. 133.) The City moved to strike Kiner's "opposition" brief on January 3, 2025. (ECF No. 136.)

In support of its motion, the City argues that Kiner's December 27 brief was, in effect, a reply memorandum in support of his motion to supplement the record. (Id. at PageID 1132.) Because Kiner did not seek leave of court before filing his reply as required by Local Rule 7.2(c), and because Kiner asserts new claims not contained in his original motion, the City asks the court to strike his brief as improper. (Id. at PageID 1133.) The City also moves the court to sanction Kiner under Federal Rule of Civil Procedure 11, citing "Plaintiff's multiple unfounded motions and improper motions and replies." (Id. at PageID 1136-37.) Kiner responded in opposition to the City's motion to strike on January 6, 2025. (ECF No. 138.)

"[T]rial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents

---

[2] The merits of Kiner's motion to supplement the record will be addressed by separate order.

or portions of documents [other than pleadings]."³ Johnson v. Baptist Mem'l Health Care Corp., No. 2:18-cv-02509-SHM-cgc, 2019 WL 5847850, at *2 (W.D. Tenn. Nov. 7, 2019) (alterations in original) (quoting Zep Inc. v. Midwest Motor Supply Co., 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010)). District courts have "broad discretion" to interpret and apply their local rules, and a court acts within that discretion when it "strikes a filing for, *inter alia*, untimeliness or a failure to comply with the local rules." Id. (quoting Pearce v. Chrysler Grp., L.L.C. Pension Plan, 615 F. App'x 342, 349-50 (6th Cir. 2015)) (additional citations omitted).

As in its earlier motion to strike filed on January 3, the City alleges that Kiner has violated provisions of Local Rule 7.2. Rule 7.2(c) states that reply memoranda, except those filed in support of motions to dismiss or motions for summary judgment, "may be filed only upon court order granting a motion for leave to reply." L.R. 7.2(c). "Such motion for leave must be filed within 7 days of service of the response." Id. The court's scheduling order, which the undersigned reviewed with the parties on June 27, 2024, further instructs that "if a party believes that a reply is

---

³Federal Rule of Civil Procedure 12(f) also authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either "on its own[] or on motion by a party[.]" Fed. R. Civ. P. 12(f). However, that rule "provides a basis for striking pleadings, not motions," and is therefore inapplicable here. Kremer v. Reddit, Inc., No. 2:21-cv-00038, 2021 WL 4909953, at *1 (M.D. Tenn. Oct. 18, 2021).

necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons a reply is required." (ECF No. 67 at PageID 264.)

The court finds that Kiner did not comply with the Local Rules and the scheduling order. While Kiner styles his December 27 brief as an "opposition to defendant's motion to deny," the court finds no basis to construe the City's December 19 response as a motion. (See ECF No. 131; ECF No. 133 at PageID 1051.) Kiner therefore had no automatic right to respond and was required to seek leave of court before filing his reply. See L.R. 7.2(a)(2), (c). Because Kiner failed to do so, the court will not consider his unauthorized reply in support of his motion to supplement the record.

The City's motion to strike is accordingly GRANTED. However, the court finds that excluding Kiner's unauthorized reply is an appropriate remedy for his violation of Rule 7.2 and declines to impose sanctions at this time.

**II.  Defendant's Motion to Extend Deadlines (ECF No. 140)**

Next, the City moves the court for an extension of all remaining deadlines currently scheduled in this action. In support of its motion, filed on January 9, 2025, the City writes that "[g]iven the voluminous number of motions filed in this matter, . . . the Parties have been unable to move forward adequately with discovery, including depositions." (ECF No. 140 at PageID 1164-65.) The City requests that the scheduling order be amended to

extend all remaining deadlines "by ninety (90) days from the date all pending motions are ruled upon to allow the Parties sufficient time to complete any necessary supplemental discovery." (Id. at PageID 1165.) In addition, the City asks to reset the trial date currently set for June 30, 2025. (Id.) Kiner responded in opposition on January 13, 2025, arguing that "[t]he City's motion is a transparent attempt to delay this case further[.]" (ECF No. 142 at PageID 1171.) He contends that the City has not demonstrated good cause and that granting the extension "would cause severe prejudice to Plaintiff's health" due to his "ongoing medical condition . . . directly resulting from the constitutional violations that give rise to this case[.]" (Id. at PageID 1171, 1173-74.)

Pursuant to Federal Rule of Civil Procedure 16(b), the court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is measured by the movant's 'diligence in attempting to meet the case management order's requirements.'" Porter v. AAR Aircraft Servs., Inc., 316 F.R.D. 691, 693 (W.D. Tenn. 2016) (quoting Inge v. Rock Fin. Corp., 281 F.3d 613, 625-26 (6th Cir.)). The court must also consider "whether the [non-movant] would be prejudiced by the amendment and the modification of the scheduling order." Id. (citing Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 450 (6th Cir. 2010)).

- 5 -

Although the court recognizes that a handful of motions remain outstanding, including the City's pending motion to dismiss, these pending motions do not excuse the parties from engaging in discovery. Indeed, nearly 40 pre-trial motions have been filed in this action as of the date of this order. However, the court finds good cause to modify the scheduling order to permit a limited 30-day extension of the remaining deadlines. At this time, the court does not find good cause to reset the current June 30, 2025 trial date, unless otherwise ordered by the presiding district judge.

The City's motion to extend deadlines is therefore GRANTED in part. The scheduling order is hereby amended as follows:

COMPLETING ALL DISCOVERY: March 2, 2025

    (a) DOCUMENT PRODUCTION AND INTERROGATORIES: March 2, 2025

    (b) DEPOSITIONS AND REQUESTS FOR ADMISSIONS: March 2, 2025

    (c) EXPERT WITNESS DISCLOSURES (Rule 26):

        (3) EXPERT WITNESS DEPOSITIONS: March 2, 2025

MOTIONS TO EXCLUDE EXPERT/DAUBERT MOTIONS: March 31, 2025

FILING DISPOSITIVE MOTIONS: March 31, 2025

**III. Defendant's Motion for a Status Conference (ECF No. 141)**

On January 10, 2025, the City also moved for a status conference to "review the matters that are currently pending before the Court." (ECF No. 141 at PageID 1167.) The City cites certain pending motions, arguing that resolution of each "will impact the way the Parties proceed with discovery" and "how the City will

conduct their trial preparation[.]" (Id. at PageID 1167-68.) The City asks to address these issues with the court via a status conference, as well as "narrow[] the issues for discovery[.]" (Id. at PageID 1168.) Defense counsel represents that Kiner did not respond to her attempted pre-filing consultation, and as of the date of this order, Kiner has not otherwise responded. (Id. at PageID 1169.)

The City's request and arguments therein are well-taken. However, the court finds that, in light of this order and its January 23 order resolving certain motions identified by the City, a status conference is not necessary at this time. The court intends to rule shortly on the City's pending motion to dismiss, after which time the City may renew its motion if appropriate. Accordingly, the City's motion for a status conference is DENIED.

**IV. Plaintiff's Motion for Clarification (ECF No. 128)**

The court finally addresses Kiner's "Motion for Clarification and Response to Sanction Warnings," filed on December 6, 2024. (ECF No. 128.) Kiner references this court's order dated December 4, 2024, in which the undersigned ruled on fourteen motions previously filed by plaintiff in this litigation. (See ECF No. 122.) Although he does not quote specific language from that order, Kiner cites to "recent intimations of possible sanctions for procedural missteps." (ECF No. 128 at PageID 957.) The court construes this language as referring to its warning that: "As a

*pro se* litigant, Kiner is responsible for familiarizing himself with the Federal Rules of Civil Procedure and this court's Local Rules. The court cautions Kiner that future violations of procedural rules could result in sanctions." (ECF No. 122 at PageID 939.) Kiner "request[s] detailed guidance on the specific procedural lapses noted by this Court that have directly impacted the merits of [plaintiff's] case[.]" (ECF No. 128 at PageID 958.)

The court finds it inappropriate to provide "detailed guidance" beyond the analysis already supplied in its December 4 order. Although the court is mindful that Kiner is proceeding *pro se,* the Sixth Court has long recognized that "the lenient treatment generally accorded to pro se litigants has limits." Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Stewart v. Farnham Fiber Optics, LLC, No. 2:22-cv-02431-SHM-atc, 2024 WL 3635533, at *1 (W.D. Tenn. May 7, 2024) (quoting Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991)). "[P]roceeding pro se does not relieve a litigant from the basic obligations required of all parties." Bowman v. Corr. Corp. of Am., No. 1:12-cv-0012, 2013 WL 3306215, at *3 (M.D. Tenn. July 1, 2013); see also Blackmond v. UT Med. Grp., Inc., No. 02-2890

MAV, 2003 WL 22385678, at *1 (W.D. Tenn. Sept. 17, 2003) ("Pro se litigants, like any other litigants, must comply with the Federal Rules of Civil Procedure.").

In the December 4 order, the undersigned found that Kiner had misinterpreted or violated provisions of this court's rules governing motions practice. (ECF No. 122 at PageID 931-33, 936-39.) To the extent that Kiner seeks additional explanation of those conclusions, the court refers Kiner to its prior reasoning and to the text of the Local Rules.[4] The court also notes that, since entering its December 4 order, Kiner has again twice violated Local Rule 7.2 by filing unauthorized reply memoranda. (See ECF Nos. 132, 133.) Although the court has declined to impose sanctions for these violations, see supra Section I; ECF No. 148, Kiner is cautioned that continued disregard of procedural rules may result in harsher sanctions moving forward.

Kiner's motion for clarification is DENIED accordingly.

IT IS SO ORDERED.

s/Tu M. Pham<br>
TU M. PHAM<br>
Chief United States Magistrate Judge<br><br>
January 24, 2025<br>
Date

---

[4]The Local Rules are not only publicly available on the court's website and from the Clerk of Court, but also expressly restated in the scheduling order. (See ECF No. 67 at PageID 264.)