IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |  | |
|---|---|---|---|
| GERALD KINER, | ) | | |
|    Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. 2:23-cv-02805-SHL-tmp | |
| | ) | | |
| CITY OF MEMPHIS, et al., | ) | | |
|    Defendants. | ) | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Before the Court is Chief Magistrate Judge Tu M. Pham's Report and Recommendation, filed December 5, 2024. (ECF No. 124.) In the R&R, Judge Pham recommends that the Court deny pro se Plaintiff Gerald Kiner's Emergency Motion for Preliminary Injunctive Relief. (Id. at PageID 941.)

Kiner first seeks to preliminary enjoin the City of Memphis "from continuing its unlawful defense strategies in this case." (ECF No. 104 at PageID 735–36.) But Kiner never identifies the specific conduct he seeks to enjoin, nor does he describe why that conduct is unlawful. (ECF No. 124 at PageID 942–43.) As a result, the R&R treats Kiner's motion as a "blanket challenge to opposing counsel's defense of this lawsuit" and finds no basis to enjoin the City from defending itself against Kiner's claims. (Id. at PageID 943.) The R&R reasons that the City would suffer substantial harm if the Court were to grant Kiner's request without identifying the precise actions to be enjoined. (Id. at PageID 944.)

Kiner also seeks to preliminarily enjoin the City from violating his "civil rights as outlined in the original and amended complaints." (ECF No. 104 at PageID 735–36.) The R&R evaluates his request under the appropriate standard, emphasizing that Kiner must show that he

will "likely suffer harm before final judgment that cannot be remedied at final judgment." (ECF No. 124 at PageID 943 (quoting Fischer v. Thomas, 78 F.4th 864, 868 (6th Cir. 2023)).) Because Kiner seeks relief based on the same allegations of past misconduct that underly his claims, the R&R reasons that any harm suffered by Kiner will be remedied by a final judgment on the merits of his claims. (Id. at PageID 944 (quoting Fischer, 78 F.4th at 868).) Thus, Judge Pham recommends that the Court deny Kiner's motion. (Id.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Kiner's deadline to object to the R&R was December 19, 2024, and he has not filed any objections.[1] The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R correctly identifies that denial is appropriate because Kiner failed to demonstrate that he is entitled to "one of the most drastic tools in the arsenal of judicial remedies." (ECF No. 124 at PageID 942 (quoting Farnsworth v. Nationstar Mortg., LLC, 569 F.

---

[1] Since Judge Pham entered the R&R, Kiner has filed a motion to supplement the record with evidence of the violations of his civil rights (ECF No. 127) and a motion asking Judge Pham to clarify a separate order denying and granting several different motions (ECF No. 128). Even viewing these filings in the light most favorable to Kiner, they do not address the R&R's subject matter, its reasoning, or the authorities it relies on. Thus, the Court cannot construe those filings as objections. See Hayes v. Wharton, No. 12-2253-JDT-tmp, 2015 WL 1292050, at *1 (W.D. Tenn. Mar. 23, 2015) (citing Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)).

App'x 421, 425 (6th Cir. 2014)).)  Thus, the Court **ADOPTS** the R&R and **DENIES** Kiner's Emergency Motion for Preliminary Injunctive Relief.

  **IT IS SO ORDERED,** this 28th day of January, 2025.

            s/ Sheryl H. Lipman
            SHERYL H. LIPMAN
            CHIEF UNITED STATES DISTRICT JUDGE