```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-02805-SHL-tmp |
| | ) |
| CITY OF MEMPHIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE NOTICE TO TAKE DEPOSITION**

Before the court is defendant the City of Memphis's (the "City") Motion to Stay Proceedings Pending the District Court's Ruling on Magistrate Judge's February 12, 2025 Report and Recommendation, filed on February 18, 2025.[1] (ECF No. 165.) *Pro se* plaintiff Gerald Kiner filed a response on February 21, 2025. (ECF No. 166.) Also before the court is the City's Motion to Strike, or in the Alternative, For Protective Order Regarding Plaintiff's Notice of Depositions, filed on January 22, 2025. (ECF No. 147.) Kiner responded in opposition on January 27, 2025. (ECF No. 152.) For the reasons below, the City's Motion to Stay is GRANTED and the City's Motion to Strike is DENIED AS MOOT without prejudice.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination and/or report and recommendation, as appropriate.

On February 12, 2025, the undersigned entered a Report and Recommendation addressing the City's August 30, 2024 Motion to Dismiss and Kiner's December 5, 2024 Motion to Supplement the Record and Request for Judicial Notice. (ECF No. 163.) The undersigned recommended that the motion to dismiss be granted and that Kiner's complaint be dismissed. (Id. at PageID 163.) On February 14, 2025, Kiner filed his objections to the Report and Recommendation, which is pending before the presiding district judge. (ECF No. 164.)

Four days later, the City filed the instant Motion to Stay Proceedings. (ECF No. 165.) In support of its motion, the City points to certain outstanding discovery motions and forthcoming deadlines, including the close of discovery, the deadline for dispositive motions, and Kiner's deposition currently noticed for February 25, 2025. (Id. at PageID 1472-73.) Because "both discovery and dispositive motions will be unnecessary should the Court adopt [the undersigned's Report and Recommendation]," and in an effort to "conserve party and judicial resources," the City argues that a stay is appropriate pending the district judge's ruling. (Id. at PageID 1472, 1474.) Kiner contends that a stay "would unnecessarily prolong the litigation and harm the Plaintiff." (ECF No. 166 at PageID 1477.) He urges the court to "proceed expeditiously to avoid further waste of judicial resources." (Id.)

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." B.E. Tech., LLC v. Sony Computer Ent. Am., LLC, Nos. 2:12-cv-2826-JPM-tmp, 2:12-cv-2827-JPM-tmp, 2:12-cv-2828-JMP-tmp, 2013 WL 524892, at *1 (W.D. Tenn. Feb. 11, 2013) (quoting Ellis v. Merck & Co., Inc., 06-1005-T/AN, 2006 WL 448694, at *1 (W.D. Tenn. Feb. 19, 2006)). "[W]hen considering a motion to stay discovery, 'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" JWM Memphis, LLC v. Terracon Consultants, Inc., No. 2:24-cv-02316-TLP-atc, 2024 WL 4919588, at *1 (W.D. Tenn. Nov. 6, 2024) (quoting Bowens v. Columbus Metro. Libr. Bd. of Trs., No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). While the fact that a party has filed a dispositive motion is not necessarily sufficient to stay discovery, see id. (quoting Bowens, 2010 WL 3719245, at *2), "entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion," Gestamp Chattanooga, LLC v. Lincoln Elec. Automation, Inc., No. 1:21-CV-286, 2022 WL 20613653, at *2 (E.D. Tenn. June 7, 2022) (quotation omitted). "In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider, among other factors, whether the pending motion will dispose of the entire case, whether discovery is necessary to

- 3 -

gather facts in order to defend against a dispositive motion, and whether the party seeking the discovery will be prejudiced by the delay." Id. (quoting Allenberg Cotton Co. v. Staple Cotton Coop. Ass'n, No. 06-cv-2449 B/P, 2006 WL 8443227, at *1 (W.D. Tenn. Dec. 22, 2006)).

In the instant case, the undersigned finds good cause to stay discovery until the February 12 Report and Recommendation and accordingly the City's Motion to Dismiss are resolved. First, if adopted, the Report and Recommendation would dispose of this case in its entirety, which weighs in favor of a stay. Gestamp Chattanooga, 2022 WL 20613653, at *2 (citing In re Copper Tubing Litig., No. 04-2771 DV, 2006 WL 8434911, at *3 (W.D. Tenn. Oct. 3, 2006)). Second, as the undersigned has now fully considered the City's Motion to Dismiss, discovery is not necessary at this time to support Kiner's defense against the motion. Finally, considering the history of excessive motion practice in this action, any prejudice that Kiner might suffer based on a stay would be minimal.[2] The undersigned also finds that Kiner's "notice" that he will not appear for his February 25 deposition, (see ECF No. 167), is both not supported by law and undercuts his own argument that a stay would cause undue prejudice.

---

[2]As recently acknowledged in the court's January 24 order, nearly 40 pre-trial motions have been filed to date in this action. (ECF No. 149 at PageID 1268.)

Under the unique circumstances of this case, the undersigned finds that a stay is appropriate. The City's Motion to Stay Proceedings is therefore GRANTED. Because discovery is hereby stayed, the City's Motion to Strike Plaintiff's Notice of Depositions, (ECF No. 147), is also DENIED AS MOOT without prejudice. The City retains the right to later renew its motion if necessary.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

February 24, 2025
Date